```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JESSICA STROHL,                       :
                                      :
         Petitioner,                  :
                                      :   CIVIL ACTION
     v.                               :   NO. 12-1595
                                      :
SUPERINTENDENT OF SCI                 :
CAMBRIDGE SPRINGS, et al.             :
                                      :
         Respondents.                 :
```

## O R D E R

**AND NOW**, this **26th** day of **October, 2012,** upon careful and independent consideration of the petition for a writ of habeas corpus, and after review of the Report and Recommendation of U.S. Magistrate Judge Felipe Restrepo and Petitioner's objections thereto, it is hereby **ORDERED** as follows:

1. The Report and Recommendation (ECF No. 3) is **APPROVED** and **ADOPTED**;

2. Petitioner's Objections to the Report and Recommendation (ECF No. 5) are **OVERRULED**;[1]

---

[1] Petitioner filed timely objections to Magistrate Judge Restrepo's Report and Recommendation, contesting the finding that Petitioner's claim is time-barred and the requirement that Petitioner must provide new, reliable evidence to support an actual innocence defense. Pet'r's Objections 1-2, ECF No. 5. For the reasons that follow, the Court will overrule each of these objections.

As an initial procedural matter, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a petition for habeas relief under 28 U.S.C. § 2254 be filed within one year.  28 U.S.C.A. § 2244(d)(1) (West 2012).  Because the statutory tolling exceptions do not apply, as Judge Restrepo noted, the instant claim should have been filed within one year of the date Petitioner's judgment of conviction became final.  Id. § 2244(d)(1)(A).  Petitioner did not do so.  Thus, the issue before the Court is whether the filing deadline has been equitably tolled, such that the Court may now reach the merits of her claim.

AEDPA's one-year statute of limitations is subject to equitable tolling.  Holland v. Florida, 130 S. Ct. 2549, 2562 (2010).  Equitable tolling is available "only when the principle of equity would make the rigid application of a limitation period unfair."  Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003) (citation omitted) (internal quotation marks omitted).  The Third Circuit has entertained two avenues of equitable tolling.  First, a petitioner may demonstrate that he has diligently pursued his rights, and that some extraordinary circumstance stood in his way, thereby preventing timely filing.  Holland, 130 S. Ct. at 2562; Merritt, 326 F.3d at 168 (citation omitted) (quotation marks omitted).

The Court agrees with Magistrate Judge Restrepo's finding that Petitioner has failed to allege extraordinary reasons preventing otherwise timely filing.  Report and Recommendation 7-9, ECF No. 3.  The Court also agrees that Petitioner has not diligently pursued her claim.  See id. at 1-3 (reviewing history of Petitioner's appeals process and noting her failure to file as directed, resulting in dismissal of her state appeal).  Thus, this avenue of equitable tolling is foreclosed.

Recently, the Third Circuit considered an alternate avenue of achieving equitable tolling—borrowing from procedural default jurisprudence a concept called the "actual innocence gateway."  In Sistrunk v. Rozum, the petitioner advanced an actual innocence claim as clearing the path of any procedural obstacles otherwise preventing a new evidentiary hearing regarding the petitioner's innocence.  674 F.3d 181, 191 (3d Cir. 2012).  Finding preliminarily that the petitioner's actual innocence claim failed, the Sistrunk court declined to decide

2

whether such a claim—if successfully presented—would toll the statute of limitations.  Id.

An actual innocence claim requires first and foremost "new" evidence.  House v. Bell, 547 U.S. 518, 518, 536-37 (2006) (requiring "new reliable evidence" not presented at trial, which would establish that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt") (emphasis added) (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995); see also Sistrunk, 674 F.3d at 191 (requiring: (1) new evidence; (2) that is reliable; and (3) that is so probative of innocence that no reasonable juror would have convicted petitioner).  While not requiring absolute certainty about a petitioner's innocence, "it bears repeating that the [actual innocence] standard is demanding and permits review only in the extraordinary case."  House, 547 U.S. at 538 (citations omitted) (internal quotation marks omitted).

Here, the Court need go no further than Sistrunk, as Petitioner has likewise failed to establish her actual innocence claim.  Petitioner offers no new facts to support such a claim.  Petitioner objects to this requirement, arguing that "there can be no 'new' evidence to exonerate her because there was never any evidence that a rational jury could have found to convict her."  Pet'r's Objections 1.  Merely recasting as exculpatory the facts presented at trial—as Petitioner does here—is tantamount to a legal insufficiency claim, for which collateral review is not available.  See Sistrunk, 674 F.3d at 191 ("'Actual innocence' means factual innocence, not mere legal insufficiency." (citation omitted)).  AEDPA requires that this Court presume as valid and binding the state court's factual findings absent "clear and convincing evidence to the contrary."  Id. at 184 n.1.

In sum, the Court declines to grant equitable tolling and reach the merits of Petitioner's claim because she failed to exercise reasonable diligence and was not prevented from timely filing due to extraordinary circumstances; notably, Petitioner filed the pending § 2254 motion nearly fifteen years after her judgment of conviction became final.  Alternatively, Petitioner cannot avail herself of equitable tolling claiming actual innocence because she has not stated a proper claim for actual innocence.  It would be improper for this Court to review anew

3. The Petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (ECF No. 1), is **DENIED** and **DISMISSED WITH PREJUDICE**; and

4. A Certificate of Appealability will not issue.[2]

**It is further ORDERED** that the Clerk of the Court shall mark this case as closed for statistical purposes.

**AND IT IS SO ORDERED.**

*/s/ Eduardo C. Robreno*
**EDUARDO C. ROBRENO, J.**

---

the same facts on which a state court already convicted Petitioner beyond a reasonable doubt. Accordingly, the Court agrees and adopts Magistrate Judge Restrepo's Report and Recommendation and must dismiss Petitioner's § 2254 claim.

[2]   A prisoner seeking a Certificate of Appealability must demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Here, as Petitioner has not met this standard, there is no basis for a Certificate of Appealability.